**\*\*E-filed 4/27/06\*\***

Andrea M. Tytell, Esq. SBN 166836
LAW OFFICE OF ANDREA M. TYTELL
2121 Rosecrans Avenue, Suite 1350
El Segundo, California 90245
Phone:    (310) 416-9710
Facsimile: (310) 640-1601

Attorney for Plaintiffs
CRAIG and ANN GAYDOS as Parents and Guardians ad Litem of PAIGE
GAYDOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG AND ANN GAYDOS as Parents and Guardians ad Litem of PAIGE GAYDOS, a minor,<br><br>        Plaintiffs,<br><br>        vs.<br><br>CUPERTINO UNION SCHOOL DISTRICT; et al.,<br><br>        Defendants. | Case No. CV-03-03813 HRL<br><br>**PLAINTIFF'S PETITION FOR COMPROMISE OF MINOR'S CLAIM** |

        Plaintiffs' CRAIG GAYDOS and ANN GAYDOS as Parents and Guardians
ad Litem of PAIGE GAYDOS, a minor, hereby Petition this Honorable Court to
approve  the Settlement reached by the parties on February 28, 2006 based on the
foregoing  undisputed facts and mutually agreeable terms:

1.      Plaintiffs CRAIG GAYDOS and ANN GAYDOS are the biological parents
of PAIGE GAYDOS, date of birth November 29, 1993;

2.      PAIGE GAYDOS is the real party in interest in this action. PAIGE is
currently twelve years old and a resident of El Paso County, Colorado where she

1   has resided  since November 11, 2005.

2   3.    At all times material to this action, PAIGE and her family were residents of

3   Cupertino, Santa Clara County, California.

4   4.    PAIGE has Aspergers Syndrome, a form of high functioning autism.

5   5.    While enrolled in Defendant CUPERTINO UNION SCHOOL DISTRICT,

6   PAIGE was restrained and otherwise injured by her teacher, Defendant KAREN

7   MILLER. There were culminating events of abuse upon PAIGE on July 16, 2002

8   which caused Plaintiffs CRAIG GAYDOS and ANN GAYDOS to withdraw

9   PAIGE from school.

10  6.    All instances of Defendant KAREN MILLER's harmful and injurious

11  conduct, actually known by Plaintiffs were reported to Defendant ELIZABETH

12  ADAMS.  Plaintiffs maintain that Defendant ELIZABETH ADAMS remained

13  willfully ignorant and dismissive about Plaintiff's complaints as well as the risk of

14  harm that Defendant KAREN MILLER posed to special education children

15  entrusted to her care.

16  7.    Plaintiffs and Defendants proceeded to a ten day jury trial on this matter on

17  January 13, 2006.  On February 1, 2006, the jury reached a verdict of seven

18  hundred thousand dollars ($700,000.00) apportioned as follows: an aggregate sum

19  of two hundred fifty thousand dollars ($250,000.00) for negligence against

20  Defendants KAREN MILLER and ELIZABETH ADAMS and an aggregate sum

21  of four hundred and fifty thousand dollars ($450,000.00) for civil rights violations

22  inflicted upon PAIGE by Defendants KAREN MILLER, ELIZABETH ADAMS

23  and the CUPERTINO UNION SCHOOL DISTRICT.

24  8.    Post verdict, on February 28, 2006, the parties agreed to participate in a

25  settlement conference with the Honorable Judge Jeremy D. Fogel presiding. All

26  parties agreed that the settlement conference was conducted in  an effort to achieve

27  closure and to avoid post trial motions and appeal.

28  9.    As a result of said settlement conference, the parties agreed to settle their

1  dispute for an aggregate sum of two hundred and sixty thousand dollars
2  ($260,000.00). The parties also agreed to a two year period of judicial oversight
3  wherein Judge Fogel will supervise and hold Defendant, CUPERTINO UNION
4  SCHOOL DISTRICT accountable for policy changes regarding the
5  implementation and documentation of discipline and behavior management of
6  special needs children.  The parties agreed that the instant lawsuit has been a
7  catalyst for change and now wish to work collaboratively towards the common
8  goal of legally mandated, procedural compliance regarding training, supervision
9  and accountability. The parties also agree to prepare a joint statement to the press
10  about this action and the ultimate result negotiated by the parties on February 28,
11  2006.   The last component of the settlement entailed a future  meeting between
12  Plaintiffs and  Dr. William Bragg, Superintendent of Defendant CUPERTINO
13  UNION SCHOOL DISTRICT. It was   agreed that the spirit and intent of the
14  meeting between Plaintiffs and Dr. Bragg is to promote understanding as well as
15  open communication and collaboration between the special education community
16  and CUPERTINO UNION SCHOOL DISTRICT.
17  10.    The following reasonable fees and expenses have been incurred by Plaintiffs
18  as  result of this action:
19          a. Attorney's fees (30%):              $78,000.00
20          b. Costs advanced by attorney:         $17,782.45
21          c. Costs advanced by Plaintiffs:       $73,923.58
22          d. **Net sum for PAIGE's blocked account**: **$90,293.97 **(less $1,000.00)
23  11.    **Plaintiffs CRAIG GAYDOS and ANN GAYDOS agree that the minor,
24  PAIGE is the de-facto client of the undersigned attorney. In an effort to honor
25  PAIGE's request and good faith intentions towards her three siblings who have
26  endured the difficulty of this ordeal with PAIGE and their parents, both Plaintiffs
27  and PAIGE's attorney hereby request the sum of one thousand dollars($1,000.00)
28  be released to PAIGE from her net settlement proceeds.  PAIGE intends to allocate

1  the sum of one thousand dollars ($1,000.00) equally amongst herself and three
2  siblings in order to immediately purchase certain educational toys, games and
3  school supplies. PAIGE makes this request as a means of compensating and
4  acknowledging the emotional difficulties she and her siblings have encountered
5  during the course of this action.

6  12.    Plaintiffs CRAIG GAYDOS and ANN GAYDOS and their attorney join in
7  the belief that settlement terms described in Paragraphs 9 ,10 and 11 are in the best
8  interest of the Minor, PAIGE GAYDOS. The aforementioned settlement
9  accomplishes Plaintiff's goals in that the terms are reasonably calculated to be a
10  catalyst for
11  change within the CUPERTINO UNION SCHOOL DISTRICT.

12  13.    The net proceeds of the settlement due to the minor, PAIGE GAYDOS as
13  identified and detailed in Paragraphs 10(d) and 11 above, shall immediately be
14  placed in a blocked account at The Raymond James Investment Group.  It is
15  understood that until this Petition for Compromise of the Minor's Claims becomes
16  the Order of this Court, the Raymond James Investment Group cannot open a
17  blocked account. Upon the issuance of this Court's Order, Plaintiffs CRAIG
18  GAYDOS and ANN GAYDOS shall forthwith provide the Raymond James
19  Investment Group with the Order and proceed with the set up and initiation of the
20  aforesaid account. Once the account is set up and assigned a number, Plaintiffs
21  shall provide said account number to their attorney of record, Andrea M. Tytell.
22  Thereafter, Ms. Tytell shall issue a check from her attorney-client trust account to
23  PAIGE GAYDOS in the amount identified in Paragraph 10(d) above. Said check
24  shall clearly identify the number of the Court Blocked Account.

25        In order to ensure the greatest interest rates and  return on all funds
26  deposited in the blocked account intended to benefit the Minor, PAIGE GAYDOS,
27  Plaintiffs CRAIG GAYDOS and ANN GAYDOS shall have the power and
28  discretion to manage the account for investment and growth potential ONLY. The

management and discretion as permitted shall be subject to the limitations set forth in Paragraphs D, E and F below.

WHEREFORE, Plaintiff's request:

A.    They be given the right to execute the necessary releases and documents to effect a full and complete settlement in accordance with the terms and conditions set forth in Paragraphs 9, 10 and 11;

B.    This Petition be approved by this Honorable Court;

C.    The disbursements as outlined in Paragraphs 9, 10 and 11 be approved;

D.    They be ordered to place the net proceeds due the minor, PAIGE GAYDOS in the blocked account identified in Paragraph 13 above;

E.    The net proceeds placed in the blocked account for PAIGE shall remain in said account until PAIGE reaches the age of majority;

F.    CRAIG GAYDOS and ANN GAYDOS shall be permitted to Petition  a Court of competent jurisdiction should any of the net proceeds in the aforesaid blocked account be necessary to further PAIGE's educational endeavors prior to her reaching the age of majority.

G.    This Honorable Court make any further orders as it deems just and proper.


Dated: April ____, 2006            Respectfully submitted,

                                   LAW OFFICES OF ANDREA M. TYTELL


                                   By:_____

                                        ANDREA M. TYTELL

                                        Attorney for Plaintiffs

## **<u>VERIFICATION</u>**

We are the Plaintiffs/Petitioners in this action. By affixing our signatures below, we affirm that all of the statistical data is correct. We also agree with all of the terms and conditions set forth in this Petition and will follow the Orders of this Honorable Court.

Dated: April ___, 2006

_____
CRAIG GAYDOS, as Parent and Guardian ad
Litem of Paige GAYDOS, a Minor

Dated: April ___, 2006

_____
ANN GAYDOS, as Parent and Guardian as
Litem of Paige Gaydos, a Minor

**IT IS SO ORDERED.**

Dated: April _27___, 2006

_____
THE HONORABLE JEREMY D. FOGEL
JUDGE, UNITED STATES DISTRICT
COURT, NORTHERN DISTRICT

| Attorney's Cost Gaydos v. CUSD, et al | |
|---|---|
| | |
| | |
| Photocopies (7432 @$0.25) | $ 1,858.00 |
| Faxes (132 @$1.50) | $ 198.00 |
| Pacer (E-Filing) | $ 62.73 |
| Lexis Nexis Legal Research | $ 1,578.00 |
| Postage | $ 9.51 |
| Parking | $ 360.00 |
| Trial Supplies | $ 563.00 |
| Expert Fees: | |
|   Dr. Smith | $ 1,400.00 |
|   Darin Barber | $12,000.00 |
| Long Distance Phone Charges | $ 127.00 |
| Messenger Fees | $ 264.50 |
| Southwest Airlines | $ 508.00 |
| Taxi for Messenger | $ 34.00 |
| Professional Consultations | $ 400.00 |
| Court Call | $ 41.20 |
| Attorney Service for Trial Subpoena | $ 1,347.00 |
| Mileage from San Francisco to San Jose | |
|   21 trips, 104 miles round trip at current IRS rate | $ 971.88 |
| Mileage to Karen Miller Deposition | |
|   134 miles round trip at IRS rate | $ 59.63 |
| | |
| **TOTAL COSTS** | **$21,782.45** |
| | |
| **CREDIT APPLIED TO CLIENT** | **$ (4,000.00)** |
| | |
| **ADJUSTED TOTAL** | **$17,782.45** |